UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SOPHIA WONG LOVRE,                                               No. 04-12457

                              Debtor(s).
_____/

Memorandum re Good Faith
_____

      Prior to her Chapter 11 filing, debtor Sophia Wong Lovre was being sued by creditor Prologis Limited Partnership in state court. Wong was a general partner of a partnership which had defaulted on a 5-year lease of commercial premises. Total damages sought against Lovre by Prologis exceeded $1.4 million.

      Lovre filed her Chapter 11 petition on October 15, 2004, just prior to a hearing on Prologis' motion for a writ of attachment. Since the filing, there have been two significant events: Prologis has reduced its claim to $833,000.00 and Lovre has sold one of her real properties for enough to be able to pay all allowed claims in full. She now asks the court to confirm such a plan. Prologis objects, and seeks dismissal of this case.

      Prologis' motives for objecting to the plan and seeking dismissal are found in § 502(b)(6) of the Bankruptcy Code. That section puts a cap on allowable claims for unpaid rent. Although Prologis would be entitled to damages of over $800,000.00 under state law, its claim in bankruptcy is limited to about $532,000.00.

1

Bad faith is a grounds for dismissal of a case, and a finding of good faith is required by § 1129(a)(3) for plan confirmation. If Lovre has acted in bad faith, her plan should not be confirmed and her case should be dismissed. If she has acted in good faith, then Prologis' motion to dismiss should be denied and the plan confirmed.

The court begins its analysis by noting that neither of the two principal facts urged by Prologis - that Lovre was solvent and filed only to take advantage of a provision of the Bankruptcy Code - constitute *per se* bad faith. *In re Sylmar Plaza, L.P.,* 314 F.3d 1070, 1075 (9th Cir. 2002). Nor is filing with intent specifically to take advantage of 502(b)(6) necessarily bad faith. *In re Liberate Technologies*, 314 B.R. 206, 216 (Bankr.N.D.Cal. 2004). As Judge Carlson noted in *Liberate*, the correct test for bad faith is not what Code provisions are to be invoked, but rather whether there was a present need for bankruptcy relief when the petition was filed. 314 B.R. at 218.

Lovre has established that she had a good faith present need for a Chapter 11 filing. Not only was Prologis suing her for an amount almost twice its current claim which could have rendered her insolvent or close to it, but she was in immediate jeopardy of losing control of her real property by writ of attachment. Had this happened, she could have lost her ability to liquidate her real property in an orderly manner and she also risked serious capital gains tax liability. Not only did Lovre have a present need for bankruptcy protection, she had an urgent need. Prologis itself created this need. Once in Chapter 11, Lovre promptly took the necessary steps to pay her creditors in full. The court finds no bad faith in Lovre's conduct.

For the foregoing reasons, Prologis' motion to dismiss will be denied and Lovre's plan will be confirmed. Counsel for Lovre shall submit appropriate forms of order.

Dated: June 14, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

2